***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 20, 2022, affirmed September 20, 2023, petition for review denied March 7, 2024 (372 Or 107)

In the Matter of C. A. D.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. A. D.,
*Appellant.*

Douglas County Circuit Court
1300204
Petition Number
13JU193; A176831

George William Ambrosini, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joshua Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

POWERS, J.

In this juvenile delinquency appeal, youth assigns error to the juvenile court's denial of his motion for relief from registration as a sex offender under ORS 163A.030. Youth contends that the court plainly erred in construing and applying two of the factors in ORS 163A.030(8) and that, therefore, youth is entitled to a new hearing. After the parties filed their briefs on appeal, the Oregon Supreme Court issued its opinion in *State v. A. R. H.*, 371 Or 82, 530 P3d 897 (2023), which guides our disposition here. As explained below, we affirm.

Because the parties are familiar with the factual and procedural history, we do not set out those facts for this nonprecedential memorandum opinion. In its recent *A. R. H.* decision, the court examined the meaning and application of ORS 163A.030, which provides a process for a youth to be relieved of the obligation to report as a sex offender. After an extensive discussion on both the nature of the juvenile court's inquiry and the nature of the youth's burden at the initial hearing, the court concluded that

> "whether a youth must report as a sex offender under ORS 163A.030 depends on a factual inquiry. The youth bears the burden to prove that it is highly probable that they have undergone a process of rehabilitation and do not present a risk of committing future sex offenses. We further conclude that the juvenile court may order the youth to report as a sex offender only when it finds that those asserted facts are not highly probable."

*Id*. at 95. Additionally, the court explained that, under ORS 163A.030, "the legislature explicitly provided that the juvenile court 'need not be limited to considering' the enumerated factors in ORS 163A.030(8) and ultimately may consider 'any other relevant factors,' ORS 163A.030(8)(s)." *Id*. at 98. "In other words, the statute indicates that the legislature intended that the juvenile court would make an individualized inquiry for each youth, with no particular factors entitled to greater weight." *Id*.

The court then turned to the standard of review for reviewing the juvenile court's determination, assuming that

we do not exercise our discretion to conduct *de novo* review.[1] *See* ORS 19.415(3)(b) (allowing for *de novo* review by the Court of Appeals of equitable actions or proceedings at the court's discretion). The court explained:

> "Our conclusion that the juvenile court makes a factual finding when it determines whether a youth has proved that it is highly probable the youth is 'rehabilitated and not a threat to the safety of the public' means that we review for whether there is 'any evidence in the record to support' that finding."

*Id*. at 95-96 (footnote and citation omitted).

In this case, the juvenile court referenced all of the nonexclusive factors contained in ORS 163A.030(8) when it made its findings. After reviewing the statutory factors and considering the evidence submitted in the case, including youth's treatment history, the court found that youth had not carried his burden of proof. On appeal, youth contends that (1) the court plainly erred because there was insufficient evidence in the record for a factfinder to infer that the victim suffered an emotional injury that would undercut youth's rehabilitative efforts; and (2) as a matter of law, the juvenile court erred in concluding that youth took advantage of a position of trust in committing the act. Youth does not challenge any of the court's other findings. In light of our standard of review under *A. R. H.*, we conclude that the record before the juvenile court would not compel a finding that youth had met his burden. Additionally, given the court's unchallenged findings, it is unlikely that the court would reach a different conclusion, regardless of any error that youth advances on appeal. For those reasons, even if the court plainly erred, we are not persuaded to exercise our discretion to correct the error.

Affirmed.

---

[1] Youth does not ask us to engage in *de novo* review, and we further conclude that this is not a case that warrants such review.